Matter of Zanghi v Martuscello
2026 NY Slip Op 03523
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

IN THE MATTER OF MARIO ZANGHI, PETITIONER-APPELLANT,
v
DANIEL MARTUSCELLO, III, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT-RESPONDENT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
171 CA 25-00429
Present: Bannister, J.P., Montour, Greenwood, Nowak, And Hannah, JJ.

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (RACHEL RAIMONDI OF COUNSEL), FOR RESPONDENT-RESPONDENT.

Appeal from a judgment of the Supreme Court, Wyoming County (Donald G. O'Geen, A.J.), entered February 25, 2025, in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.
[*1]
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Petitioner appeals from a judgment dismissing his CPLR article 78 petition seeking to annul the determination of the Parole Board that denied his request for release to parole supervision. Following that denial and during the pendency of this appeal, petitioner reappeared before the Parole Board in September 2025, and was subsequently denied parole. Consequently, this appeal must be dismissed as moot (see Matter of Lopez v Annucci, 229 AD3d 1124, 1125 [4th Dept 2024]; Matter of Hill v Annucci, 149 AD3d 1540, 1541 [4th Dept 2017]). Contrary to petitioner's contention, the exception to the mootness doctrine does not apply (see Matter of Lopez-Contreras v Annucci, 221 AD3d 1580, 1580 [4th Dept 2023]; see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court